IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY BILLINGSLEY,

      Plaintiff,                   No. CIV S-08-2919 EFB P

vs.

DORA RIOS,

      Defendant.            <u>ORDER</u>

/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This case is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

      Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

1

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against defendant.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

In his complaint, plaintiff names Dora Rios, his Conflict Defender, as the defendant. He lists his claims against her as ineffective assistance of counsel, malpractice, professional negligence, breach of faith, moral and ethical turpitude, and alleges that she failed to call a key witness. Plaintiff requests that the court provide him with "proper representation."

Plaintiff's allegations do not state a cognizable claim for relief under § 1983. Public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). Additionally, plaintiff's claims for legal malpractice do not come within the jurisdiction of the federal courts. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). To the extent plaintiff's claim may relate to the length of his confinement, it must be brought in a habeas corpus action, after exhausting state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, plaintiff's complaint should be dismissed. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus).

Accordingly, the court hereby ORDERS that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

////

3.  This action is dismissed without prejudice to filing a habeas action.

4.  The Clerk is directed to close the case.

Dated:  August 4, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3